NO. 07-10-00166-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 JANUARY 4, 2011

 WILLIAM LEE BAUM,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

 NO. 3669; HONORABLE STUART MESSER, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Appellant William Lee Baum was convicted of indecency with a child.
He seeks to overturn that conviction by contending the trial court should
have granted his motion to suppress his statement to law enforcement
officers. We disagree and affirm the judgment.
 Appellant argues that his statement was involuntary and the result of
coercion. A hearing was held on his motion to suppress and the trial court
denied it. At the time the State sought to have the statement admitted
into evidence before the jury, appellant stated, "No objection." The
statement was admitted, and the State then asked to publish it to the jury.
 The court granted permission, but before it was published, appellant
renewed his objections "made prior to this trial" and urged that the
statement be suppressed. The court overruled the objections.
 To preserve error for review, a party must make a timely request,
objection or motion. Tex. R. App. P. 33.1(a)(1). To be timely, the
objection must be made at the earliest opportunity. Gillenwaters v. State,
205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (stating that an objection is
timely if made as soon as the grounds for it become apparent). Moreover,
when a party affirmatively states he has "no objection" when evidence is
offered, any complaint is waived. Holmes v. State, 248 S.W.3d 194, 196
(Tex. Crim. App. 2008).
 Here, appellant stated he had no objection when the evidence was
first offered. After it had been admitted and the State sought to publish
it to the jury, appellant reiterated the objections promulgated at the
suppression hearing. However, at that point, the objections were not
timely.
 Yet, even if the objections were preserved, there would be no error.
According to the record, appellant voluntarily appeared at the sheriff's
office to undergo a polygraph. He appeared calm to the officer
administering the test and received his Miranda warnings. When the test
results indicated he was being disingenuous, he informed the interrogator
that he was not lying but that he would make a statement. The
interrogation lasted a "couple of hours," according to appellant, and he
was allowed to go on a "bathroom break" during its occurrence. The
interrogator also testified that appellant was told, before making the
written statement, that he did not have to provide one and that the choice
to do so would be voluntary. From these indicia, the trial court had
factual basis to conclude that appellant's statement was indeed voluntary.
This is especially so since the record reveals that the trial court's
decision was influenced by "the credibility of the witnesses" who
testified; in other words, the trial court could have deigned appellant's
testimony about feeling coerced unbelievable.
 Accordingly, appellant's issue is overruled and the judgment is
affirmed.

 Brian Quinn
 Chief Justice

Do not publish.